# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**LINDA LOUISE ROBERTS**                                                                **PLAINTIFF**

**V.**                                                                              **NO. 3:17CV00235-JMV**

**NANCY BERRYHILL,**
*COMMISSIONER OF SOCIAL SECURITY*                                                  **DEFENDANT**

## FINAL JUDGMENT

This cause is before the court on Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying claims for a period of disability and disability insurance benefits and supplemental security income ("SSI") benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law, and having heard oral argument, finds as follows:

Consistent with the court's ruling from the bench during a reconvened hearing held today, this case is reversed with respect to the claimant's SSI application only. The court finds the ALJ's step three determination is not supported by substantial evidence in the record. Particularly, the ALJ failed to consider all of the claimant's impairments in combination, including rheumatoid arthritis, osteoarthritis of the right knee, residuals from ovarian cancer, and systematic lupus erythematosus. In addition to this error, there is no indication the ALJ considered the claimant's lupus at step two of the sequential evaluation process; and, the court

–1–

cannot discern whether the ALJ considered any functional limitations associated with lupus in reaching the residual functional capacity ("RFC") determination. Indeed, it is apparent from Dr. Joe Cook's consultative examination report—on which the ALJ heavily relied—that Dr. Cook was not aware of the claimant's lupus diagnosis. Nor did Dr. Cook appear to have medical records documenting the claimant's lupus diagnosis. Finally, the ALJ failed to give a good reason for discounting the opinions of Dr. Robert Carter, who signed an October 2015 medical source statement. Specifically, the ALJ did not state a credible reason in his decision for his disbelief that Robert Carter, M.D., treated Plaintiff, particularly in view of Plaintiff's having testified under oath that he did.

On remand, the ALJ must consider the claimant's lupus singularly and in combination with her other impairments at all relevant steps of the sequential evaluation process. Specifically, at step three, the ALJ must consider all relevant listings and provide detailed explanations based on the medical evidence in the record with regard to the issue of whether the claimant meets or equals any listing. If the case reaches step four, the ALJ must consider all functional limitations associated with the claimant's lupus along with limitations caused by her other impairments. If necessary, the ALJ must either obtain a medical source statement (that includes a function-by-function assessment of RFC) from the claimant's treating rheumatologist or order a consultative examination ("CE") to assist with a determination of the claimant's residual functional capacity. In the event a CE is ordered, however, the ALJ must provide the CE examiner with all of the medical records in the file and require a function-by-function assessment of RFC. Next, the ALJ must completely develop the record with regard to the extent, nature, and length of treatment provided to Plaintiff by Dr. Robert Carter and include this

information in his decision. Finally, to the extent necessary, the ALJ must obtain supplemental vocational expert evidence on the issue of whether there is any work the claimant can perform, considering her limitations.

**IT IS, THEREFORE, ORDERED AND ADJUDGED that this case is REVERSED with respect to the claimant's SSI application and REMANDED for further proceedings.**

This, the 17th day of October, 2018.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE